IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNIE DANIELS, Individually and on behalf of other employees similarly situated | § § § § | |
| **Plaintiff** | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| OPTEL TECHNOLOGIES INC., OPTEL VISION, INC. AND OPTEL GROUP USA INC., **Defendant** | § § § § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Now comes Donnie Daniels, ("Plaintiff") on behalf of all others similarly-situated, and complains of Optel Technologies Inc., Optel Vision, Inc. and Optel Group USA Inc., (collectively "Defendants" or "Optel") and for cause of action would show the Court as follows:

**I.**

**INTRODUCTION**

1. This is a miss-classification case.

2. Defendants classified Plaintiff and other Field Technicians they employed in the last three years as exempt employees and did not pay them overtime.

1

3. Plaintiff individually and on behalf of similarly situated individuals brings a collective action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

4. Plaintiff seeks declaratory relief, back pay and liquidated damages, attorney's fees, and taxable costs of court, pursuant to 29 U.S.C. §216(b), for Defendants' willful failure to pay overtime to Plaintiff and all others similarly-situated, in the course of their employment with the Defendants.

## II.

## JURISDICTION AND VENUE

5. The Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 *et. seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6. Venue is proper in the Southern District of Texas because some portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## III.

## PARTIES

7. Plaintiff Donnie Daniels resides in Polk County, Texas.

8. Similarly situated individuals who worked for Defendant as a Field Technician in the last three years ("Class Members").

9. Defendant Optel Technologies Inc. is a Canadian company that employed Plaintiff. This Defendant does not maintain a Registered Agent in Texas. Plaintiff will serve this Defendant, pursuant to Tex. Civ. Prac. & Rem. Code § 17.026, through the Secretary of State of the State of Texas at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079

or Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

10. Defendant Optel Vision, Inc. is a Canadian company that employed Plaintiff and is the parent company of Optel Technologies Inc. and Optel Group USA, Inc. This Defendant does not maintain a Registered Agent in Texas. Plaintiff will serve this Defendant, pursuant to Tex. Civ. Prac. & Rem. Code § 17.026, through the Secretary of State of the State of Texas at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079 or Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

11. Defendant Optel Group USA, Inc. is a Foreign Corporation that employs putative Class Members. This Defendant may be served by serving its registered agent CT Corporation System Company at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201, or at any other place it may be found.

## IV.
## COVERAGE OF THE FLSA

12. At all material times, Defendants have been an employer within the meaning of the FLSA.

13. At all material times, Defendants have operated an enterprise within the meaning of the FLSA.

14. At all material times, Defendants have operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

15. At all material times, Plaintiff was an individual employee who was engaged in commerce as required by the FLSA. Like the Plaintiff, the members of the Plaintiff Class were employees engaged in commerce or in the production of goods for commerce in performing their duties for the Defendants.

## V.

## CLASS ALLEGATIONS

16. Plaintiff files this case an "opt-in" class action as specifically allowed by 29 U.S.C. §216(b).

17. The class that the Plaintiff seeks to represent may be described as follows:

> All current and former workers employed by Optel Technologies Inc., Optel Vision, Inc. or Optel Group USA Inc. from June 22, 2015 until now as Field Technicians (A.K.A. Installers)

18. Plaintiff seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. §216(b).

19. Those persons who choose to opt in, hereinafter referred to as the "Plaintiff Class" will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated here by reference.

20. Plaintiff contends that this action is appropriate for class action status because the Defendant herein has acted in the same manner regarding all members of the Plaintiff Class.

21. The members of the Plaintiff Class are similarly-situated to Plaintiff and are owed overtime wages for the same reasons as the Plaintiff.  These employees should be notified of this case and given the opportunity to joint this suit.

## VI.

## FACTUAL ALLEGATIONS

22. Optel is a company that is dedicated to pharma customers for nearly 30 years.   OPTEL is the recognized global **leader in Track & Trace** technology (often referred to as "serialization"). https://www.optelpharmaceutical.com/

23. At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

24. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years before the filing of this action and continuing thereafter.

25. Defendants own and operate companies that provide equipment and software that allows manufacturers to serialize, track and trace pharmaceuticals.



https://www.optelpharmaceutical.com/

26. Defendants employed Plaintiff as a "Field Technicians" A.K.A. "Installer" to install, setup and validate the tracking systems.

27. Plaintiff and the class members traveled all over the United States and Puerto Rico to install Optel's equipment.

28. Optel would ship the equipment to the customers locations before the Plaintiff or the Class Members would arrive.

29. Optel's product basically consist of digital cameras, computers, special designed computer console, monitor and supporting software and hardware. The equipment also consists of different kind of tables and carton machines. Carton machines are conveyers that move

5

different containers of pharmaceuticals into the equipment where cameras are used to take the pictures for the computer to verify if data printed on the bottles are correct, and the serial numbers for each bottle is entered into the data base so the manufacturer can track them.



https://www.optelpharmaceutical.com/solutions/cltracker-te/

30. Plaintiff and Class Members would assemble the equipment and set up the computer and software following Optel's procedures.

31. The Optel equipment and software that are installed by Plaintiff and Class Members are often part of the customers' regulatory compliance effort.

32. The installation and set-up of the hardware and software by the Plaintiff and the Class Members follow strict company protocols and procedures.

33. Plaintiff and Class Members were not a computer systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer field.

34. Plaintiff and the Class Members also trained new employees, installing new systems that enables traceability of the Defendants' pharmaceuticals.

35. Plaintiff and Class Members trained customers on Optel's specialized computer software and (within a limited parameters permitted by Optel) manipulated and modified software settings to fit and respond to customer need.

36. At no time whatsoever, would Plaintiff or Class Members engage in determining hardware/software or systems specifications, or designing, developing, documenting, analyzing, creating, testing or modifying computer systems or programs for Optel.

37. Optel's contract with its customer does not allow Field Technicians to determine hardware/software or systems specifications, or designing, developing, documenting, analyzing, creating, testing or modifying computer systems or programs.  All of that work is done at Optel's facility before the equipment and software are shipped to the customer site.

38. Each installation is not complete until the equipment and software is set up and the customers are trained to use Optel's equipment.

39. Plaintiff and the Class Members worked long hours and stayed at the customer location until the job is completed. Plaintiff and Class Members often were assigned to travel from one customer location to another.

40. Plaintiff and Class Members regularly work over fifty hours a week without being paid overtime.

## VII.

### UNPAID OVERTIME COMPENSATION

41. Every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

42. Plaintiff routinely worked more than forty (40) hours per week for Defendants.

43. However, Defendant refused to pay Plaintiff for more than forty hours per week.

44. Defendants paid Plaintiff on a salary rate but paid no compensation for any hours after the first forty (40) in each week.

45. Defendants failed to record accurately all the hours in which Plaintiff worked.

46. Plaintiff was a non-exempt employee.

47. Defendants have not made a good faith effort to comply with the FLSA. Rather, the Defendants knowingly, willingly, and/or with reckless disregard carried out their illegal pattern or practice regarding minimum wages and overtime compensation.

## VIII.

## COLLECTIVE ACTION ALLEGATIONS

48. Every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

49. Other employees have been victimized by this pattern, practice, and policy of the Defendants in violation of the FLSA in that they are all classified as exempted and not paid overtime.

50. Other, similarly-situated employees are being denied their lawful wages.

51. Accordingly, Defendants' pattern or practice of failing to pay the employee's overtime pay (at time and one-half) as required by the FLSA results from Defendants' widespread application of policies and practices and does not depend on the personal circumstances of the members of the Plaintiff Class.

52. Thus, Plaintiff's experience is typical of the experience of the Plaintiff Class.

53. This is a misclassification case. The specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment.

54. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of forty (40) per week, are similarly-situated.

55. Although the issue of damages may be individual in character, the facts related to liability are common to the Plaintiff Class.

56. Plaintiff and the Plaintiff Class seek an amount of back pay equal to the overtime compensation which has been unlawfully withheld in a period beginning three years prior to the filing of this lawsuit and continuing until the date of trial.

## IX.

### CAUSE OF ACTION: FAILURE TO PAY OVERTIME

57. Every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

58. Defendants' failure to pay overtime wages, to the Plaintiff and the Plaintiff Class, was and is in violation of the FLSA. Accordingly, the Plaintiff and the Class are entitled to overtime in an amount equal to one and one-half times their regular rates of pay for each hour worked over forty in each workweek.

59. Additionally, the Plaintiff and the Plaintiff Class are entitled to an amount equal to all their unpaid wages as liquidated damages.

60. The fact that Defendants classified Field Technicians as exempted from overtime to eliminate or reduce the overtime recorded, show that Defendants were aware of their own continuing FLSA violations.

61. Every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

62. Plaintiff and the Plaintiff Class are entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## XI.

## PRAYER

WHEREFORE, the Plaintiff requests that this Court award Plaintiff and the Plaintiff Class judgment against Defendants for the following relief:

    a.    A declaration that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. 207, by failing to pay Plaintiff and all other similarly-situated employees' overtime pay at one and one-half times their regular hourly rate for all hours in excess of forty (40) worked during each seven-day work period.

    b.    Damages for the full amount of their unpaid overtime compensation;

    c.    An equal amount as liquidated damages;

    d.    Reasonable attorney's fees, costs, and expenses of this action;

    e.    such other and further relief as may be allowed by law.

Respectfully submitted,

TRAN LAW FIRM
/s/ Trang Q. Tran
Trang Q. Tran
Federal I.D. 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
(713) 223-8855 Telephone
(713) 623-6399 Facsimile
Ttran@tranlawllp.com
service@tranlawllp.com
**LEAD ATTORNEY FOR PLAINTIFF**